1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMAR EVANS,**<br><br>            **Plaintiff,**<br><br>        **v.**<br><br>**FEDERAL BUREAU OF INVESTIGATIONS,**<br><br>            **Defendant.** | **1:05-cv-01407 OWW DLB**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**<br>**(F.R.Civ.P. 12(b)(1))** |

## I.   INTRODUCTION

Defendant Federal Bureau of Investigations moves to dismiss Plaintiff Jamar Evans' complaint for lack of subject-matter jurisdiction.  Plaintiff opposes the motion.

## II.   PROCEDURAL HISTORY

Plaintiff filed the complaint in Fresno County Superior Court on July 15, 2005.  Defendant removed the case to federal court on November 8, 2005.  Doc. 1, Notice of Removal.  Defendant filed the motion to dismiss on November 16, 2005.  Doc. 4, Mot. to Dismiss.  Oral argument was heard on January 9, 2006.

## III.   BACKGROUND

The complaint is a Judicial Council of California state-

**1**

court form complaint for a contract claim.  Doc. 1, Notice of
Removal, Exh. A.  The form provides checking boxes for
characterizing the claim.  Plaintiff checked the "breach of
contract" box.  Id., 2.  Plaintiff also checked the box
indicating that his claim exceeds twenty-five thousand dollars.
Id., 1.

Plaintiff describes his cause of action as follows:

On or about 01/24/2005, [P]laintiff contacted the
Federal Bureau of Investigations.  He contacted the
(FBI) as an informant.  Plaintiff as informant was
ridiculed and denied access to the services the federal
agency (FBI) provides.
The [P]laintiff complains that by denying his claim of
civil rights violations; the FBI has breached a duty to
[P]laintiff.  The [P]laintiff further complains that
the named federal agency has caused the [P]laintiff
added emotional distress.

Id., 3.

The claim is unintelligible and does not appear to be
legally cognizable.  Because Plaintiff is *pro se*, an explanation
of the complaint's deficiencies is provided.

## IV.  LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure
governs dismissal of a suit for lack of subject-matter
jurisdiction.  "A federal court is presumed to lack jurisdiction
in a particular case unless the contrary affirmatively appears."
*A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).
"When subject-matter jurisdiction is challenged under Federal

Rule of [Civil] Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

A challenge to jurisdiction under Rule 12(b)(1) "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003).  In a factual Rule 12(b)(1) challenge, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("[i]n resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment").

Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject-matter jurisdiction. *Savage*, 343 F.3d 1039-40 n.2.

## V.  ANALYSIS

Defendant argues that if Plaintiff's claim sounds in tort, the court lacks subject-matter jurisdiction over it because Plaintiff has failed to exhaust his administrative remedies

**3**

1    before filing suit.  Defendant argues in the alternative that if

2    Plaintiff's claim sounds in contract, the court lacks subject-

3    matter jurisdiction over it because the Tucker Act vests

4    jurisdiction over contract claims brought against the United

5    States for sums in excess of ten thousand dollars exclusively in

6    the court of federal claims.

7    1.   The Federal Tort Claims Act

8         Plaintiff alleges that, when he attempted to provide the FBI

9    with information as an informant, he was "ridiculed and denied

10   access to [FBI] services[.]"  Doc. 1, Notice of Removal, Exh. A,

11   3.  As a result, Plaintiff claims that the FBI "breached a duty

12   to [him] . . . [and] the named federal agency has caused [him]

13   added emotional distress."  Id.  These allegations state a claim

14   for a common-law tort.

15        "The FTCA [Federal Tort Claims Act] is the exclusive remedy

16   for tortious conduct by the United States, and it only allows

17   claims against the United States.  Although such claims can arise

18   from the acts or omissions of United States agencies, an agency

19   itself cannot be sued under the FTCA."  *F.D.I.C. v. Craft*, 157

20   F.3d 697, 706 (9th Cir. 1998).

21        Defendant argues that by failing to file an administrative

22   tort claim before filing suit, Plaintiff failed to meet a strict

23   jurisdictional requirement under the FTCA, and his suit must be

24   dismissed.

25        The FTCA provides in relevant part:

26        An action shall not be instituted upon a claim against

27        the United States for money damages for injury or loss

28        of property or personal injury or death caused by the

**4**

1   negligent or wrongful act or omission of any employee

2   of the Government while acting within the scope of his

3   office or employment, unless the claimant shall have

4   first presented the claim to the appropriate Federal

5   agency and his claim shall have been finally denied by

6   the agency in writing and sent by certified or

7   registered mail.

8   28 U.S.C. § 2675(a).

9   As used in this chapter and sections 1346(b) and

10   2401(b) of this title, the term "Federal agency"

11   includes the executive departments, the judicial and

12   legislative branches, the military departments,

13   independent establishments of the United States, and

14   corporations primarily acting as instrumentalities or

15   agencies of the United States, but does not include any

16   contractor with the United States.

17

18   "Employee of the government" includes . . . officers or

19   employees of any federal agency[.]

20   28 U.S.C. § 2671.

21   Defendant is a "federal agency," as defined by Title 28,

22   Section 2671, of the United States Code.  In *Goodman v. United*

23   *States,* 298 F.3d 1048, 1054-55 (9ᵗʰ Cir. 2002), it was held:

24   In a claim for damages against the United States, an

25   independent cause of action must first be submitted for

26   administrative review before that claim can be filed in

27   federal court.  Where such a claim is not first

28   presented to the appropriate agency, the district

**5**

1     court, pursuant to Federal Rule of Civil Procedure

2     12(b)(1), must dismiss the action for lack of subject

3     matter jurisdiction.

4 *Goodman*, 298 F.3d at 1054-55 (citations omitted); *see also*

5 *Cadwalder v. United States,* 45 F.3d 297, 300 (9th Cir.1995)

6 (administrative-claim requirement jurisdictional); *Jerves v.*

7 *United States*, 966 F.2d 517, 521 (9th Cir.1992) (FTCA's waiver of

8 sovereign immunity must be construed strictly in favor of the

9 United States).

10     Defendant asserts that a search of its Central Records

11 System failed to find any evidence that Plaintiff had filed an

12 administrative claim.  Doc. 4, Mot. to Dismiss, Att. 2 (Decl. of

13 William Hooton, ¶¶ 2-4.).  At oral argument, Plaintiff claimed,

14 without supporting evidence, that he had complied with the FTCA's

15 administrative-claim requirement.

16 2.   The Tucker Act

17     Although Plaintiff filed the complaint using a state-court

18 form complaint for a contract claim, Plaintiff does not allege a

19 contract that was breached.  Doc. 1, Notice of Removal, Exh. A.

20 Defendant argues in the alternative that if Plaintiff's claim

21 nonetheless sounds in contract, the court lacks subject-matter

22 jurisdiction over it because the Tucker Act vests jurisdiction

23 over contract claims brought against the United States for sums

24 in excess of ten thousand dollars exclusively in the court of

25 federal claims.

26     The Tucker Act provides in relevant part:

27     The United States Court of Federal Claims shall have

28     jurisdiction to render judgment upon any claim against

**6**

1    the United States founded . . . upon any express or

2    implied contract with the United States[.]

3  28 U.S.C. § 1491(a)(1).

4    The Tucker Act confers exclusive jurisdiction on the Court

5  of Federal Claims for contract claims against the government

6  exceeding $10,000.  *M-S-R Public Power Agency v. Bonneville Power*

7  *Admin.*, 297 F.3d 833, 840 (9th Cir. 2002) (citations omitted).

8                        **VI.   CONCLUSION**

9    It is unclear whether Plaintiff can state any cognizable

10 claim for relief.  He must allege compliance with the

11 administrative-claim requirement and a breach of an enforceable

12 legal duty to state a tort claim under the FTCA.  Any "contract"

13 claim appears to be in excess of the jurisdiction of the court.

14   Defendant's motion to dismiss is GRANTED, with leave to

15 amend.  Any amended complaint shall be filed within 15 days

16 following service of this order.

17 **SO ORDERED**

18 **DATED: January 17___, 2006.**

19

20                         **/s/ OLIVER W. WANGER**

21                         _____
                            **OLIVER W. WANGER**
                            **United States District Judge**

22

23

24

25

26

27

28

**7**