UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMAR EVANS,**<br><br>                **Plaintiff,**<br><br>        **v.**<br><br>**FEDERAL BUREAU OF INVESTIGATIONS,**<br><br>                **Defendant.** | **1:05-cv-01407 OWW DLB**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**<br>**(F.R.Civ.P. 12(b)(1))** |

**I.   INTRODUCTION**

Defendant Federal Bureau of Investigations moves to dismiss Plaintiff Jamar Evans' amended complaint for lack of subject-matter jurisdiction.  Plaintiff opposes the motion.

**II.   PROCEDURAL HISTORY**

Plaintiff filed the complaint in Fresno County Superior Court on July 15, 2005.  Defendant removed the case to federal court on November 8, 2005.  Doc. 1, Notice of Removal.  Defendant filed a motion to dismiss on November 16, 2005.  Doc. 4, Mot. to Dismiss.  Oral argument was heard on January 9, 2006. Defendant's motion to dismiss was granted with leave to amend on January 17, 2006.  Doc. 9, Order.

**1**

Plaintiff filed the amended complaint on January 17, 2006. Doc. 10, Am. Compl.  Defendant moved to dismiss on January 30, 2006.  Doc. 11, Mot. to Dismiss.  Plaintiff responded to the motion on February 3, 2006.  Doc. 13, Resp. in Opp.  Defendant replied to Plaintiff's response on February 16, 2006.  Doc. 15, Reply.

### III.   BACKGROUND

The background relevant to the complaint is set forth in the order of January 17, 2006.  Doc. 9, Order, 1-2.

Plaintiff describes his cause of action in the amended complaint as follows:

> On or about 01/24/2005, [P]laintiff contacted the Federal Bureau of Investigations.  He had contacted the (FBI) as a prospective informant.  Plaintiff as informant was thereafter ridiculed and ultimately denied access to the services of the federal agency (FBI).
>
> The [P]laintiff complains that by denying his administrative claim of cited civil rights violations, the FBI has negligently breached a duty to [P]laintiff, has fostered an environment where the [P]laintiff is further injured, and more than likely to be subjected to further civil harassments as a result of his failed administrative claim with said agency.
>
> By reason of the [D]efendant's negligence in setting aside and thus denying [P]laintiff's administrative claim, the "Federal Agency" has caused the [P]laintiff additional and severe emotional distress.

**2**

1  Plaintiff seeks judgment against Defendant in the amount of
2  "$372.1 Trillion Dollars, and cost."  Doc. 10, Am. Compl., 5.

3      Plaintiff states three grounds for subject-matter
4  jurisdiction.  First, Plaintiff claims that Title 28, Section
5  1332, of the United States Code grants the court diversity
6  jurisdiction, based on the fact that Plaintiff is a citizen of
7  California and Defendant is a federal agency.  Second, Plaintiff
8  alleges that the court has jurisdiction under the Tucker Act, 28
9  U.S.C. §§ 1346(a)(2), 1491, which governs contract actions
10  against the United States.  Third, Plaintiff alleges that his
11  suit arises under the Federal Tort Claims Act (FTCA), 28 U.S.C.
12  §§ 2675, *et seq.*  Doc. 10, Am. Compl., 2.[1]

13      Defendant does not address the first two alleged grounds of
14  subject-matter jurisdiction.  Defendant argues that Plaintiff's
15  cause of action sounds only in tort, that the FTCA alone provides
16  Plaintiff with a potential remedy, and that Plaintiff has not
17  satisfied the FTCA's administrative pre-requisite to filing a
18  tort claim in federal court.  In particular, Defendant alleges
19  that Plaintiff failed to demand a sum certain from the FBI in his
20  prior communications with the agency, and thus failed to exhaust
21  his administrative remedies, a jurisdictional requirement.  Doc.
22  11, Mot. to Dismiss, 8.

23                    **IV.   LEGAL STANDARD**
24      Rule 12(b)(1) of the Federal Rules of Civil Procedure
25
26      [1] Although the amended complaint is labelled a "Complaint
27  for Negligence Under Federal Employer's Liability Act,"  Doc. 10,
28  Am. Compl., 1, it does not mention the FELA.

**3**

governs dismissal of a suit for lack of subject-matter jurisdiction.  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). "When subject-matter jurisdiction is challenged under Federal Rule of [Civil] Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

A challenge to jurisdiction under Rule 12(b)(1) "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003).  In a factual Rule 12(b)(1) challenge, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("[i]n resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment").

Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject-matter jurisdiction. *Savage*,

1   343 F.3d 1039-40 n.2.

2                          **V.   ANALYSIS**

3   1.   The Tucker Act

4        Plaintiff's original complaint did not allege a contract

5   that was breached.   Neither does his amended complaint.   Even

6   assuming a valid claim for breach of contract, however, the

7   Tucker Act vests exclusive jurisdiction over contract claims

8   brought against the United States for sums in excess of ten

9   thousand dollars in the court of federal claims.   See Doc. 9,

10  Order, 6-7.

11       The Tucker Act provides in relevant part:

12       The United States Court of Federal Claims shall have

13       jurisdiction to render judgment upon any claim against

14       the United States founded . . . upon any express or

15       implied contract with the United States[.]

16  28 U.S.C. § 1491(a)(1).

17       The Tucker Act confers exclusive jurisdiction on the Court

18  of Federal Claims for contract claims against the government

19  exceeding $10,000.   *M-S-R Public Power Agency v. Bonneville Power*

20  *Admin.*, 297 F.3d 833, 840 (9th Cir. 2002) (citations omitted).

21  Plaintiff seeks damages in excess of ten thousand dollars.   The

22  court lacks jurisdiction over Plaintiff's contract claim.

23  2.   Diversity Jurisdiction

24       Title 28, Section 1332, of the United States Code, grants

25  the court subject-matter jurisdiction based on diversity of

26  citizenship.   It provides in relevant part:

27       The district courts shall have original jurisdiction of

28       all civil actions where the matter in controversy

**5**

exceeds the sum or value of $75,000, exclusive of
interest and costs, and is between (1) citizens of
different states; (2) citizens of a State and citizens
or subjects of a foreign state; (3) citizens of
different States and in which citizens or subjects of a
foreign state are additional parties; and (4) a foreign
state, defined in section 1603(a) of this title, as
plaintiff and citizens of a State or of different
States.

28 U.S.C. § 1332(a).

While the Plaintiff's claim satisfies the minimum-amount-in-
controversy requirement for diversity jurisdiction, Defendant, an
agency of the United States, is not a citizen of a state or of a
foreign state. *See Texas v. Interstate Commerce Comm'n and
Railroad Labor Bd.*, 258 U.S. 158, 160 (1922); *Hancock Financial
Corp. v. Federal Savings and Loan Ins. Corp.*, 492 F.2d 1325, 1329
(9th Cir. 1974); *General Ry. Signal Co. v. Corcoran*, 921 F.2d
700, 703 (7th Cir. 1991).  The court does not have diversity
jurisdiction.

3.   The Federal Tort Claims Act

Plaintiff alleges that "the FBI has negligently breached a
duty to [P]laintiff," resulting in Plaintiff's "severe emotional
distress."  Doc. 10, Am. Compl., 5.  These allegations attempt to
state a claim for a common-law tort.

"The FTCA [Federal Tort Claims Act] is the exclusive remedy
for tortious conduct by the United States, and it only allows
claims against the United States.  Although such claims can arise
from the acts or omissions of United States agencies, an agency

**6**

1   itself cannot be sued under the FTCA." *F.D.I.C. v. Craft*, 157

2   F.3d 697, 706 (9th Cir. 1998).

3       The complaint was dismissed on the grounds that Plaintiff

4   failed to allege that his claim had been submitted to and

5   rejected by the FBI administratively, a jurisdictional

6   requirement under the FTCA.  See 28 U.S.C. § 2675(a); Doc. 9,

7   Order, 7.  The amended complaint alleges compliance with this

8   requirement.  See Doc. 10, Am. Compl., 3 ("[p]rior to the

9   commencement of the 7/15/2005 civil action, ... [P]laintiff

10  presented an administrative claim to the [FBI]").

11      Plaintiff alleges violations of his civil rights by various

12  parties.  See Doc. 10, Am. Compl., Complaint Letter with *Jurat*,

13  3-4.  Plaintiff alleges that he first brought these allegations

14  to Defendant's attention in late January 2005 in person at

15  Defendant's Fresno Office, and requested then that they be

16  investigated.  See Doc. 10, Am. Compl., 5.  This is insufficient

17  to constitute an administrative claim filed with the agency.

18  Upon Defendant's refusal, Plaintiff wrote letters, first to the

19  Fresno Office supervisor, then to personnel at various levels of

20  the agency, including FBI Director Robert Mueller.  Each of these

21  written requests also was refused, on the grounds that the acts

22  alleged did not constitute prosecutable violations.  This

23  correspondence is attached to the amended complaint.

24      Plaintiff did not demand a definite sum of damages from

25  Defendant for its refusal to investigate his allegations.  For

26  example, in his letter to Director Mueller, Plaintiff wrote that

27  he,

28      respectfully submits this information to you and your

**7**

1    office with the desire to find legal resolution. [T]his

2    is [Plaintiff's] last communication with [Defendant]

3    before he seeks legal damages within the U.S. Courts

4    for the violations of his civil rights by the Fresno,

5    CA Branch Office[.]  Although the matter initially

6    complained of is being altogether ignored by

7    [Defendant], [Plaintiff] . . . requests that this

8    matter be fully resolved at its lowest levels before

9    the courts are introduced to clear the subject.

10   Doc. 10, Am. Compl., 4/28/05 Letter from Plaintiff to Robert

11   Mueller.

12        A demand for a sum certain is a necessary component of a

13   FTCA administrative claim.  "The provision of [28 U.S.C.]

14   § 2675(b) that requires that an action cannot be instituted for

15   any sum in excess of the amount of the claim presented makes it

16   apparent that the claim must state a sum certain." *Blair v.*

17   *I.R.S.*, 304 F.3d 861, 865 (9th Cir. 2002).  This is a

18   jurisdictional requirement.  *Id.*

19        The sum-certain requirement is not a trap for the

20        unwary.  Rather, this requirement allows an agency to

21        assess a claim's settlement value.  Since the FTCA

22        links both the authority to settle a claim and the

23        source of settlement funds to the amount of the

24        underlying claim, the Act's purpose is frustrated if

25        the administrative claim does not indicate a specific

26        amount of money.  For example, claims of $2,500 or less

27        can be settled on the authority of "[t]he head of each

28        Federal agency or his designee" and are paid "out of

**8**

1    appropriations available to that agency."   28 U.S.C.

2    § 2672 (1994).   Claims of between $2,500 and $25,000

3    can be settled on the same authority, but are paid out

4    of a separate appropriation.   *See id.*   Finally, claims

5    in excess of $25,000 can only be settled "with the

6    prior written approval of the Attorney General or his

7    designee."   *Id.*

8  *Kokotis v. United States Postal Service*, 223 F.3d 275, 279 (4th

9  Cir. 2000).

10       Plaintiff does not, and on these facts cannot, allege that

11  he has satisfied the FTCA's administrative exhaustion pre-

12  requisite to district-court subject-matter jurisdiction.   The

13  court lacks jurisdiction over Plaintiff's claim.

14       Dismissal without leave to amend is appropriate where a

15  complaint cannot be saved by further amendment.   *Oki*

16  *Semiconductor Co. v. Wells Fargo Bank, N.A.*, 298 F.3d 768, 772

17  (9th Cir. 2002).

18                      **VI.   CONCLUSION**

19       The court has previously provided Plaintiff with notice and

20  explanation of the deficiencies in his original complaint.   His

21  amended complaint does not cure the deficiencies.   Simply stated,

22  no person can require a federal law-enforcement agency to utilize

23  that person as an informant.   Defendant's motion to dismiss is

24  GRANTED WITHOUT LEAVE TO AMEND as to the alleged tort claim.   The

25  court is without jurisdiction to hear the contract claim, which

26  at the request of Plaintiff is transferred to the Court of

27  Federal Claims.

28

**9**

1  SO ORDERED

2  DATED: March _9__, 2006.

3

4

5                                        /s/ OLIVER W. WANGER

6                                  _____

7                                        OLIVER W. WANGER
                                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   10